# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SIMS, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>QG PRINTING II LLC, a Connecticut limited liability company; 74 QG PRINTING II LLC, business organization, form unknown; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  CV 20-1632-DMG (KKx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:         December 15, 2023<br>Time:        9:30 A.M.<br>Courtroom: 8C<br>Judge:       Hon. Dolly M. Gee |

    Plaintiff James Sims ("Plaintiff" or "Class Representative"), having made an application pursuant to Fed. R. Civ. P. Rule 23(e) for entry of an order (a) preliminarily approving the settlement of the litigation pursuant to the Joint Stipulation of Class Action Settlement (the "Settlement Agreement") entered into by Plaintiff and Defendant QG Printing II, LLC ("Defendant") (collectively, the "Parties"); (b) conditionally certifying

for settlement purposes only, a Settlement Class[1] as follows: all current and former non-exempt press production employees at the Merced and Riverside California plants who used Defendant's scheduling hotline or Inside Quad for purposes of checking their schedule during the period of April 6, 2016 through Preliminary Approval ("Group 1"); and all other current and former non-exempt employees in California (who are not part of Group 1) and who were issued wages during the period of July 20, 2022 through Preliminary Approval ("Group 2")[2]; (c) approving the form of the Notice of Settlement of Class Action ("Class Notice") and directing the manner of delivery thereof; (d) approving Larry W. Lee and Kwanporn "Mai" Tulyathan of Diversity Law Group, and William L. Marder of Polaris Law Group, as Class Counsel and Plaintiff as Class Representative.

IT IS HEREBY ORDERED THAT:

1. All defined terms contained herein shall have the same meaning as set forth in the Settlement Agreement executed by the Parties and filed with this Court.

2. The Settlement Agreement is hereby PRELIMINARILY APPROVED as fair, reasonable, and adequate and to have been the product of serious, informed, and extensive arm's length negotiations among the Parties. In making this preliminary finding, the Court considered the nature of the claims, the relative strength of Plaintiff's claims, the amounts paid in settlement, the allocation of settlement proceeds among the class members, and the fact that a settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. The Court further preliminarily finds that the terms of the Settlement Agreement have no obvious deficiencies and do not improperly grant preferential treatment to any individual class member.

3. For settlement purposes only, pursuant to Federal Rule of Civil Procedure

---

[1] All capitalized terms used herein, unless otherwise defined, have the same definition contained in the Joint Stipulation of Class Action Settlement.

[2] Group 1 and Group 2 are collectively referred to herein as the "Class" or "Settlement Class."

23(a) and 23(b)(3), the Court conditionally certifies the following Settlement Class:

    a.    All current and former non-exempt press production employees at the Merced and Riverside California plants who used Defendant's scheduling hotline or Inside Quad for purposes of checking their schedule during the period of April 6, 2016 through Preliminary Approval ("Group 1"); and

    b.    All other current and former non-exempt employees in California (who are not part of Group 1) and who were issued wages during the period of July 20, 2022 through Preliminary Approval ("Group 2").

4. With respect to this provisionally certified class for settlement purposes, if the Settlement Agreement does not become final for any reason, the fact that the Parties were willing to stipulate to class certification as part of the Settlement Agreement shall have no bearing on, and will not be admissible in connection with, the issue of whether a class in this action should be certified in a non-settlement context.  The Court's findings are for purposes of conditionally certifying a Settlement Class and will not have any claim or issue or evidentiary preclusion or estoppel effect in any other action against the Released Parties, or in this Action if the Settlement Agreement is not finally approved.

5. With respect to the provisionally certified class for settlement purposes only, the Court finds preliminarily, and for purposes of proceeding pursuant to Fed. R. Civ. P. Rule 23(e), that the number of Class Members is sufficiently numerous, the Class Members are ascertainable based on the Defendant's records, Plaintiff's claims are typical of those in the Settlement Class, and that there is adequate and fair representation.

6. Accordingly, for purposes of the Settlement Agreement, this Court hereby CONDITIONALLY CERTIFIES the Settlement Class as defined above action pursuant to Fed. R. Civ. P. 23(e).

7. Pursuant to Fed. R. Civ. P. 23(g), the Court hereby APPOINTS as Class Counsel for settlement purposes, Larry W. Lee and Kwanporn "Mai" Tulyathan of Diversity Law Group, and William L. Marder of Polaris Law Group.  The Court finds

that Class Counsel collectively have extensive experience and expertise in prosecuting wage and hour class actions.

8. Plaintiff is approved as Class Representative for the Settlement Class Members for settlement purposes.

9. The Court finds on a preliminary basis that the proposed settlement described in the Settlement Agreement (including the monetary provisions, the plan of allocation, the release of claims, and the proposed award of attorneys' fees and costs) falls within the "range of reasonableness" and, therefore, this Court grants preliminary approval of the Settlement Agreement.  Based on a review of the papers submitted by the Parties, the Court finds that the Settlement Agreement is the result of extensive arm's length negotiations conducted after Class Counsel had adequately investigated the claims and became familiar with the strengths and weaknesses of those claims.  The assistance of experienced mediators in the settlement process supports the Court's conclusion that the Settlement Agreement is non-collusive.

10. The Court hereby APPROVES Phoenix Settlement Administrators as Settlement Administrator for the purposes of this settlement.

11. A hearing (the "Final Approval and Fairness Hearing") is hereby SCHEDULED to be held before the Court on **April 19, 2024 at 10:00 am**, for the following purposes:

    a. To determine finally whether the provisionally certified class satisfies the applicable prerequisites for class action treatment of a settlement class;

    b. To determine whether the proposed Settlement Agreement is fair, reasonable, and adequate and should be granted final approval by the Court;

    c. To determine whether the Order of Final Approval as provided under the Settlement Agreement should be entered, and to determine whether the Released Parties should be released of and from the

Released Claims and Released PAGA Claims as provided in the Settlement Agreement;

    d.    To determine whether the proposed plan of allocation of the Gross Settlement Amount is fair and reasonable and should be approved by the Court;

    e.    To finally determine whether Class Counsel's application for an award of attorneys' fees and costs is fair, reasonable, and adequate and should be approved by the Court;

    f.    To determine that the Settlement Administrator's costs should be paid from the Gross Settlement Amount; and

    g.    To rule upon such other matters as the Court may deem appropriate.

12. The Class Notice appended to the Settlement Agreement as **Exhibit A** is hereby APPROVED, subject to the Court's edits provided to counsel in redline and discussed at the December 15, 2023 Preliminary Approval Hearing. Defendant shall provide the Settlement Administrator with each Class Member's name, last known address, Employee Identification Number, Social Security number, and data pertaining to the number of pay periods each Class Member performed work for Defendant in California during the Class Period and/or PAGA Period. Such information shall be provided by **January 12, 2024.** The Settlement Administrator shall mail the Class Notice appended to the Settlement Agreement as **Exhibit A** to each Class Member by first-class mail pursuant to the terms of the Settlement Agreement by **January 19, 2024**.

13. The Court finds that the Class Notice, subject to the Court's edits, constitutes the best notice practicable under the circumstances and are in full compliance with the laws of the State of California, the United States Constitution, and the requirements of due process. The Court further finds that the Class Notice fully and accurately informs the Class Members of all material elements of the proposed settlement, of the Class Members' right to dispute their share of the settlement, of the Class Members' right to be excluded from the Settlement Class, and of each Class

Member's right and opportunity to object to the settlement.

14. By **March 4, 2024**, Class Counsel shall file and post on the Settlement Administrator's website a motion for attorneys' fees, costs, and approval of representative service awards.

15. The Court hereby sets the Response Deadline as **March 25, 2024.**

16. With respect to the provisionally certified class, the Court hereby APPROVES the proposed procedure for opting out of the Settlement Class. The date of the postmark on the return-mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. Any member of the Settlement Class who requests exclusion from the settlement will not be entitled to any share of the settlement and will not be bound by the Settlement Agreement with the exception of the Released PAGA Claims (if applicable), or have any right to object, appeal, or comment thereon. Members of the Settlement Class who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Order and Final Judgment, regardless of whether they otherwise have requested exclusion from the settlement.

17. All reasonable costs of settlement administration, including the mailing of Class Notice, shall be paid for as provided in the Settlement Agreement.

18. Any Class Member who has not opted out may object to the Settlement Agreement by submitting a written objection to the Settlement Administrator, and supporting papers, if any. A written objection must contain (a) the objecting person's full name, current address, and signature; (b) the case name and number; (c) a statement as to whether the objection applies only to the individual, to the Class, or a subset of the Class; (d) the grounds for the objections; and (e) a statement indicating whether the Class Member intends to appear and object to the settlement at the hearing for the Final Approval Order. The objecting Class Member may include any supporting papers (including, without limitation, all briefs, written evidence, and declarations). Written objections must be postmarked to the Settlement Administrator by the Response Deadline

**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL**

to be timely.  A Class Member who does not submit an objection in the manner and by the deadline specified above will be deemed to have waived all objections and will be foreclosed from making any objections to the settlement, whether by appeal or otherwise. Any Class Member who submits an objection remains eligible to receive monetary compensation from the settlement.  The Parties shall not be responsible for any fees, costs, or expenses incurred by any Class Member and/or his or her counsel related to any objections to the settlement and/or appeals arising therefrom.

19. The Motion for Final Approval shall be filed by **April 5, 2024**.

20. It is further ordered that pending further order of this Court, all proceedings in this matter except those contemplated herein and as part of the settlement are stayed.

21. All Parties are otherwise ordered to comply with the terms of the Settlement Agreement.

22. Jurisdiction is hereby retained over this Litigation and the Parties to the Litigation, and each of the Class Members for all matters relating to this Litigation, the Settlement Agreement, including (without limitation) all matters relating to the administration, interpretation, effectuation, and/or enforcement of the Settlement Agreement and this Order.

**IT IS SO ORDERED.**

DATED:  December 28, 2023

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE