JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SIMS, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>QG PRINTING II LLC, a Connecticut limited liability company; 74 QG PRINTING II LLC, business organization, form unknown; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  CV 20-1632-DMG (DTBx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT (ECF No. 84); JUDGMENT** |

The matters before the Court are Plaintiff James Sims's Motion for Final Approval of Class Action Settlement [Doc. # 84] and Motion for Approval of Attorneys' Fees, Costs, and Enhancement Payment [Doc. # 81]. The Motions are based on the terms set forth in the Joint Stipulation of Class Action Settlement ("Settlement Agreement") entered into between Plaintiff and Defendant QG Printing II, LLC. Defendant does not oppose the Motions. The Court conducted a fairness hearing on April 19, 2024.

Due and adequate notice having been given to the members of the Class and the California Labor and Workforce Development Agency ("LWDA"), and the Court having considered the Settlement Agreement, all papers and proceedings held herein, and having reviewed the entire record in this action, hereby **GRANTS** Plaintiff's Motions.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1. All defined terms contained herein shall have the same meaning as set forth in the Settlement Agreement.

2. Distribution of the Class Notice directed to the Class Members as set forth in the Settlement Agreement has been completed in conformity with the Preliminary Approval Order, including individual notice to all Class Members who could be identified through reasonable effort, and the best notice practicable under the circumstances. The Class Notice provided due and adequate notice of the proceedings and of the matters set forth in the Preliminary Approval Order, including the proposed Settlement. The Class Notice provided adequate and appropriate notice to all persons entitled to such Class Notice and therefore fully satisfied due process requirements. All members of the Class are covered by and included within the Settlement and within this Final Approval Order and Final Judgment. No Class Members have opted out within the Response Deadline.

3. The Court hereby finds that the Settlement was entered into in good faith and has been reached as a result of intensive, serious, and non-collusive arm's-length negotiations. The Court further finds that Plaintiff has satisfied the standards and applicable requirements for final approval of the Settlement under Rule 23 of the Federal Rules of Civil Procedure and California law.

4.      The Court hereby approves the Settlement and finds that the Settlement is, in all respects, fair, adequate, and reasonable, and directs the Parties to effectuate the Settlement according to its terms and provisions, and in compliance with this Final Approval Order and Final Judgment.

5.      The plan of distribution as set forth in the Settlement Agreement providing for the distribution of the Net Settlement Amount to Participating Class Members and PAGA Penalties to the LWDA and PAGA Employees, is hereby finally approved as being fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure.

6.      As previously held in the Court's Preliminary Approval Order, the Class for settlement purposes is appropriate under Fed. R. Civ. P. 23 and related case law and is defined as follows:

> All current and former non-exempt press production employees at the Merced and Riverside California plants who used Defendant's scheduling hotline or Inside Quad for purposes of checking their schedule during the period of April 6, 2016, through Preliminary Approval" ("Group 1"); and
>
> All other current and former non-exempt employees in California (who are not part of Group 1) and who were issued wages during the period of July 20, 2022, through Preliminary Approval" ("Group 2") (together, "Group 1" and "Group 2" comprise the "Class" or "Settlement Class").

7.      The Court hereby confirms as Class Counsel, Larry W. Lee and Kwanporn "Mai" Tulyathan of Diversity Law Group, P.C., and William L. Marder of Polaris Law Group.

8.      The Court hereby finds the monetary settlement of $1,150,000.00 provided for in the Settlement Agreement to be fair, reasonable, and adequate. The Court orders Phoenix Settlement Administrators ("Phoenix") to distribute the Gross Settlement Amount in accordance with the terms of the Settlement Agreement.

9. The Court approves payment of a Class Representative Enhancement Award of $10,000.00 to Plaintiff for his service to the Class. The payment authorized by this paragraph shall be made in accordance with the terms of the Settlement Agreement.

10. The Court grants approval of the PAGA settlement and approves payment of the PAGA Penalties in the amount of $100,000.00. The Court approves that 75% (i.e., $75,000.00) of the PAGA Penalties will be paid to the LWDA and 25% (i.e., $25,000.00) will be distributed to the PAGA Employees in accordance with the formula set forth in the Parties' Settlement Agreement. [Doc. # 76-1 at 14].

11. Under the terms of the Settlement Agreement and the authorities, evidence, and argument set forth in Class Counsel's application, the Court approves the payment of attorneys' fees in the amount of $383,333.33 to Class Counsel (equal to one-third of the Gross Settlement Amount), and for costs and expenses in connection with this litigation in the amount of $30,489.22. The Court finds that Class Counsel's request is fair and reasonable, and that the results achieved justify the award. The payment of fees and costs to Class Counsel shall be made in accordance with the terms of the Settlement Agreement.

12. The Court approves a payment of $13,250.00 to the Settlement Administrator out of the Gross Settlement Amount for settlement administration costs. The payment authorized by this paragraph shall be made in accordance with the terms of the Settlement Agreement.

13. Any checks for Class Member payments that are not cashed within 180 days shall be transmitted to Legal Aid Association of California.

14. This Order, the Judgment, the Settlement Agreement, and all papers related thereto, are not, and shall not be construed to be, an admission by Defendant of any liability, claim, or wrongdoing whatsoever, and shall not be offered as evidence of any such liability, claim, or wrongdoing in this Action or in any other proceeding.

15. Upon the Effective Date and Defendant's funding of the Gross Settlement Amount, Group 1 Class Members shall release Defendant from all causes of action and factual or legal theories arising during the Group 1 Class Period that were alleged in the

operative Complaint (or LWDA notice) or arise from facts alleged in the operative Complaint (or LWDA notice), including all damages, penalties, interest and other amounts recoverable under said claims, causes of action or legal theories of relief, based on failure to pay wages (including overtime and minimum wages), failure to provide accurate wage statements, failure to timely pay all final wages, unfair business practices, alleged violations of Labor Code sections 201-204, 218.5, 226(a), 226.3, 510, 558, 1174, 1194, 1198, 1199, 2699, Business and Professions Code section 17200 *et seq*., and the applicable IWC Wage Orders.

16. Upon the Effective Date and Defendant's funding of the Gross Settlement Amount, Group 2 Class Members shall release Defendant from all causes of action and factual or legal theories arising during the Group 2 Class Period for violation of Labor Code sections 226(a) that were alleged in the operative Complaint (or LWDA notice) or arise from facts alleged in the operative Complaint (or LWDA notice), including all damages, penalties, interest and other amounts recoverable under said claims, causes of action or legal theories of relief.

17. Upon the Effective Date and Defendant's funding of the Gross Settlement Amount, PAGA Employees will release Defendant from any liability for civil penalties recoverable under PAGA for violations during the PAGA Period based on any factual or legal theories that were alleged in the operative complaint and the LWDA notice or arise from facts alleged in the operative complaint and the LWDA notice, including for the following California Labor Code sections: 201-204, 226(a), 510, 558, 1174, 1198, 1199, 2802, and 2699.

18. Upon satisfaction of all payments and obligations in the Settlement Agreement, this Action will be **DISMISSED with prejudice**.

19. The Court hereby enters final judgment in this case in accordance with the terms of the Settlement Agreement, but retains exclusive and continuing jurisdiction over the Action and over all Parties and the Settlement Class to the fullest extent necessary solely to address, enforce, and effectuate the terms of the Settlement and this Final

Approval Order and Final Judgment as follows: (i) the interpretation and enforcement of the terms of the Settlement and the Final Approval Order and Final Judgment; (ii) Settlement administration matters; and (iii) such post-Final Judgment matters as may be appropriate under court rules or set forth in the Settlement and/or this Final Approval Order and Final Judgment.

DATED: April 19, 2024

_____
DOLLY M. GEE
CHIEF UNITED STATES DISTRICT JUDGE